IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) ) ) | Criminal No. 2:15-CR-00472-RMG |
| v. | | |
| DYLANN STORM ROOF | | **FILED UNDER SEAL** |

### MOTION FOR AUTHORIZATION TO DISCLOSE CERTAIN MATERIALS PURSUANT TO FED. R. CRIM. P. 6(e)

The United States petitions the Court, under seal, for an order pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), to permit the United States Attorney's Office to disseminate federal grand jury materials to the Ninth Circuit Solicitor's Office and, by extension, to state-court defense counsel for Dylann Roof.[1]  Pursuant to the Order Governing Discovery entered on July 31, 2015, the United States Attorney's Office has been authorized to provide federal defense counsel with grand jury material. Docket Entry ("DE") 27.  For similar reasons, the state-court prosecutors and defense counsel should have access to and use of grand jury testimony and materials in connection with the ongoing state criminal prosecution against Dylann Roof.  The state prosecution arises out of the same conduct at issue in the ongoing federal criminal prosecution related to the June 17, 2015 shooting at the Mother Emanuel AME Church.  Thus, the United States seeks an order authorizing the disclosure of grand jury materials gathered to the Ninth Circuit Solicitor's Office, who may then make disclosure, in accord with their discovery obligations, to state-court defense counsel.

---

[1] Counsel for Defendant Dylann Storm Roof was consulted and advised that there was no objection to this motion.

1

The government requests that this filing and all filings in connection with it be sealed until further order of the Court.

## BACKGROUND

Defendant Roof is charged in a thirty-three count federal indictment, which was issued on July 22, 2015. DE 2. At the time of the federal indictment, the defendant had also been charged in state court with murder, attempted murder, and a firearm charge. The state charges and federal indictment arose out of the same set of facts, the shooting on June 17, 2015. From inception, the case has been investigated through the joint efforts of state, local, and federal investigators and prosecutors.

## ARGUMENT

Although grand jury transcripts and records are "matters occurring before the grand jury" within the meaning of Rule 6(e), the Ninth Circuit Solicitor's office should be permitted access under Rule 6(e)(3)(E)(i). Rule 6(e)(3)(E)(i) provides an exception for disclosures ordered by a court "preliminarily to or in connection with a judicial proceeding."

The materials at issue are in connection with a judicial proceeding, that is, the pending state charges against Dylann Roof. State criminal trials are judicial proceedings for purposes of Rule 6(e). *See In re Disclosure of Evidence*, 650 F.2d 599, 601 (5th Cir. Unit B 1981) (per curiam), modified on other grounds, 662 F.2d 362 (5th Cir. Unit B 1981); *In re Grand Jury Proceedings*, 654 F.2d 268, 271-72 (3d Cir. 1981); *In re Grand Jury Proceedings*, 483 F.Supp 422, 423 (E.D. Pa. 1979); *cf. Doe v. Rosenberry*, 255 F.2d 118, 120 (2d. Cir. 1958).

Disclosure in connection with the State's prosecution of Roof constitutes a "particularized need" as that term has been defined by the United States Supreme Court. *Douglas*

*Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211 (1979).[2] Here, the disclosure is necessary to avoid a possible injustice in another proceeding; the need for disclosure is greater than the need for continued secrecy; and the request for disclosure is structured to cover only the material needed. *Id.* at 222.

First, disclosure of the materials here would promote the fair and evenhanded enforcement of the criminal laws. Disclosure is necessary to ensure that the state authorities, and state defense counsel, have the same access to evidence and testimony as federal prosecutors and defense counsel. Without disclosure, the state prosecutors, investigators, and defense counsel would operate without the benefit of knowing and understanding the materials gathered by the federal grand jury, including testimony and documents. This is necessary for pre-trial decisions and preparation, as well as for trial itself. Accordingly, the best way to ensure a fair trial and accurate testimony in the state prosecution, while providing equal access to the evidence, is to permit the requested disclosure.[3]

In addition to ensuring a fair and accurate record in the state case, disclosure here would avoid imposing an unnecessary burden on third-party witnesses. Disclosure of the transcripts and records would decrease the likelihood that the third-party testimony and records would have to be independently obtained by state authorities. This would also avoid the unnecessary public expense that duplication of efforts at the state and federal level would create.

---

[2] Although petitioners seeking access to 6(e) testimony must demonstrate particularized need, the Supreme Court has made clear that the standard is a "highly flexible one," *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 445 (1983), "infus[ing] [the courts] with substantial discretion" in deciding whether to issue such an order. *Douglas Oil Co.*, 441 U.S. at 223.

[3] Additionally, disclosure of the grand jury materials permits the state to fully comply with any constitutional discovery obligations that arguably arise in connection with information known to federal investigators that have been working jointly with state and local agents. *Cf. United States v. Robinson*, 627 F.3d 941, 951-52 (4th Cir. 2010); *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

3

Second, the need for disclosure outweighs the need for continued secrecy. The need for secrecy is premised on five concerns identified by the Supreme Court in *United States v. Proctor & Gamble Co.*:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosure by persons who have information with respect to the commission of crimes; [and] (5) to protect [the] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

356 U.S. at 682 n.6 (1958) (*quoting United States v. Rose*, 215 F.2d 617, 628-29 (3d Cir. 1954)). *Accord Douglas Oil*, 441 U.S. at 219 n.10. These secrecy concerns are not implicated by the disclosure sought in this case. In this case, the grand jury has issued a federal indictment. Although there is a possibility of other indictments or a superseding indictment, as in any case, the existence of the grand jury investigation is known. Therefore, there is no danger of escape by one who may be indicted; there is limited danger of anyone tainting grand jurors or witnesses, or inhibiting testimony; and there is no danger of branding the innocent accused with charges of criminal guilt. The need for continued secrecy is minimal and is clearly outweighed by the public interest in state and federal prosecutors pursuing their cases in a fair and efficient manner based on a complete record.

Finally, the request for disclosure is structured to cover only the material needed as well. Given the broad need for the participants in the state criminal proceedings to have access to all the information gathered by the grand jury in connection with its investigation of Dylann Roof, the request to disclosure that information is indeed necessary.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its request for permission to disclose grand jury materials to the state authorities involved in prosecuting Roof, and by extension to defense counsel, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i).  Additionally, it is requested that this motion and any corresponding order be filed under Seal, and remain Sealed upon further Order of this Court as these documents discuss grand jury materials which may not be disclosed absent a court order under Fed. R. Crim. P. 6(e), except that copies of the Order shall be delivered to the United States Attorney for this District, including one copy for his own use, one copy to be delivered by him to Ninth Circuit Solicitor, and copies to be delivered to defense counsel.

    Respectfully submitted,

    WILLIAM N. NETTLES
    UNITED STATES ATTORNEY

    s:/*Nathan S. Williams*
    Nathan S. Williams, #10400
    Assistant U. S. Attorney
    P.O. Box 876
    Charleston, South Carolina 29402
    (843) 727-4381