IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:15-CR-00472-RMG |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DYLANN STORM ROOF | ) | |
| | ) | |
| | ) | |

**RESPONSE TO AMENDED MOTION TO SEAL**

On October 20, 2015, Defendant Dylann Storm Roof filed an Amended Motion to Seal in connection with a Proposed Motion for a Protective Order. In the Motion to Seal, Roof argued that the proposed Motion for a Protective Order and exhibits must be sealed because the motion and exhibits themselves reveal attorney work product. Based on the information provided by Roof, the Government does not believe that Roof has met his burden to establish that sealing the proposed motion and exhibits is justified.[1]

The public has a First Amendment right, though not an unlimited one, of access to criminal pre-trial motions and their attachments. *In re Time*, 182 F.3d 270, 271 (4th Cir. 1999) (holding that the First Amendment applies to a defendant's pre-trial motions). In light of this right, the Court must determine whether the sealing of the motion and exhibits serves a compelling interest and is narrowly tailored to that interest. *Rushford v.*

---

[1] If necessary, the Government will respond to the proposed Motion for a Protective Order at an appropriate time. Roof did not attempt to consult with the Government in advance of filing the Motions, *see* Local Rule 12.02, and, thus, an agreement that may have avoided raising the issue with the Court has not been explored.

1

*New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Globe Newspaper Co. v. Superior Court for Norfolk Cnty*, 457 U.S. 596, 607 (1982). In making that determination, this Court must follow four procedural steps: "That is, the court must (1) provide public notice that the sealing of documents may be ordered, (2) provide interested persons an opportunity to object before sealing is ordered, (3) state the reasons, supported with specific findings, for its decision if it decides to seal documents, and (4) state why it rejected alternatives to sealing." *In re Time*, 182 F.3d at 271; *In re Charlotte Observer*, 882 F.2d 850, 852 (4th Cir. 1989). Steps 1 and 2 provide interested parties with an opportunity to oppose the request to seal. Step 3 ensures that the Court find the requisite "compelling interest" to be supported by specific findings. Step 4 confirms that the scope of any sealing is "narrowly tailored" to the specific compelling interest.

## A. Roof Fails to Establish a Compelling Interest in Sealing the Motion for a Protective Order

While Roof's claimed compelling interest – attorney work product – might in an appropriate case justify sealing certain documents, the work product protection does not apply here. In his filing, Roof fails to demonstrate either that the underlying document is work product or that the motion and exhibits reveal work product. Thus, the motion to seal should be denied.

To constitute attorney work product, the information must be: (1) documents or tangible things; (2) prepared by or for a party to litigation; and (3) prepared in anticipation of litigation or for trial. *Hickman v. Taylor*, 329 U.S. 495 (1947); *Upjohn Co.*

2

*v. United States*, 449 U.S. 383 (1981). "[T]he party claiming the protection bears the burden of demonstrating the applicability of the work product doctrine." *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011).[2]

First, the work product protection applies only to a document prepared by an attorney or an agent acting under the direction of an attorney. *United States v. Nobles*, 422 U.S. 225, 238-39 (1975) (noting that the work product doctrine protects "material prepared by agents for the attorney as well as those prepared by the attorney himself"); *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 272 (E.D. Va. 2004). Thus, any discussions – in a motion or exhibit – about any underlying document that was prepared by a third-party unaffiliated with the defense team should not be protected as work product. *E.g., In re Grand Jury Subpoenas,* 318 F.3d 379, 384 (3d Cir. 2003) ("[T]he principle underlying the work product doctrine … is not generally promoted by shielding from discovery materials in an attorney's possession that were neither prepared by the attorney nor his agents."). Defendant's motion identifies no authority for the proposition that a document created by an unrelated third party and in that third party's possession is covered by the work product doctrine.[3] Thus, a motion addressing such a document would not itself be protected work product.

---

[2] Meeting this burden of typically involves the use of a log, which includes for each document the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter. *See, e.g., Sky Angel US, LLC v. Discovery Communications, LLC*, 28 F.Supp.3d 465, 483 (D.Md. 2014); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011). It is worth noting that the production of such a log – containing a list of the individuals communicating, the date, and subject matter – is not itself protected.

[3] Additionally, the work product protection does not apply to underlying facts, only a *document* created by the party's agent. *Hickman*, 329 U.S. at 511-13; *Resolution Trust Corp. v. Dabney*, 73 F.3d

Second, the work product protection applies only where the underlying document is prepared in anticipation of litigation or trial. *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011); *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). In order for a document to be made in anticipation of litigation, an attorney or his agent must make the document "because of" the litigation. *Id.*; *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 418 (D. Md. 2005). Unless the "primary motivating purpose" for the creation of the document was to assist in the pending or impending litigation, work product protection does not apply. *Id.* A document prepared in the ordinary course of business or created for reasons independent of the preparation for litigation should not be protected as work product. *Nat'l Union Fire Ins. Co.*, 967 F.2d at 984 (noting that materials prepared in ordinary course of business "are not documents prepared in anticipation of litigation").

Third, any work product protection is waived for information provided to the opposing party or made known to a third party in a circumstance where there is a significant likelihood that the opposing party will obtain it. *Frank Betz Assocs., Inc. v. Jim Walter Homes, Inc.*, 226 F.R.D. 533, 535 (D.S.C. 2005) (noting that "courts generally find a waiver of the work product privilege only if the disclosure substantially increases the opportunity for potential adversaries to obtain the information"); *see also In re Subpoenas Duces Tecum*, 738 F.2d 1367 (D.C. Cir. 1984) (work product protection

---

262, 266 (10th Cir. 1995). Where the facts are gathered by a third party without direction from counsel, there should be no argument that work product protection applies.

lost when materials provided to adversary); *Doe v. United States*, 662 F.2d 1073, 1081 (4th Cir. 1981) (waiver of work product protection where voluntarily disclosed to the opposing party). As a result, information contained in a written motion and exhibits that are provided to opposing counsel cannot continue to be protected work product. *See Carter v. Gibbs*, 909 F.2d 1450, 1451 (Fed. Cir. 1990) (en banc) ("[T]he government has waived [work product] by voluntarily attaching a copy of the offending memorandum to appellants' copy of the motion for an extension of time. It is irrelevant whether the attachment was inadvertent, as the government alleges. Voluntary disclosure of attorney work product to an adversary in the litigation for which the attorney produced that information defeats the policy underlying the privilege.").

In short, the Defendant fails to establish that any attorney work product protection applies. In addressing an underlying document that was prepared and maintained by a third-party with no affiliation with the defense team for a purpose unrelated to litigation, Roof does not demonstrate how the motion and exhibits could reveal any work product. Moreover, even if the motion and exhibits did discuss work product contained in the document at issue, that protection has been waived by submitting the motion and exhibits to opposing counsel.

**B. Roof Fails to Show that Sealing the Motion and Exhibits is the Least Restrictive Means of Protecting Any Purported Work Product**

If Roof were able to establish that work product protections applied to the motion and exhibits, then the Court should evaluate whether sealing the entirety of the motion

and exhibits is the least restrictive means of protecting that work product. *See In re Time*, 182 F.3d at 271. For example, redacting limited portions of the motion and/or exhibits could more narrowly limit sealing to those specific portions that Roof can identify as revealing work product.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By: s/Julius N. Richardson
JULIUS N. RICHARDSON (ID #9823)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
(803) 929-3000