UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CR No. 07-023-N-EJL |
| Plaintiff, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| JOSEPH EDWARD DUNCAN, III, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Before the Court in the above entitled matter is the Defendant's Motion for Protective Order. The parties have briefed the motions and the matters are now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**

Following his arrest the Defendant, Joseph Duncan, was held on state charges in the Kootenai County Jail until he entered a guilt plea on October 16, 2006. Thereafter, the Defendant was transported to the Idaho Maximum Security Institution ("IMSI") where he remains incarcerated to this day awaiting trial on the charges pending against him in this matter. The Government has obtained the visitor logs and correspondence to and from the Defendant during his incarceration at both the Kootenai County Jail and IMSI. The instant motion by the defense seeks to preclude the

- 1 -

Government from either directly or indirectly accessing IMSI's visitation records/logs pertaining to the Defendant and obtaining copies of written correspondence to and from the Defendant at the IMSI and prohibiting IMSI from disclosing any such material or information to the Government. The motion is made pursuant to Federal Rule of Criminal Procedure 16(d), the Court's inherent authority, and the United States Constitution. The defense also argues the disclosure of information from IMSI to the Government infringes upon the attorney-client privilege and attorney work-product doctrine. The Government opposes the motion.

## Discussion

The basic premise of the motion is that the Government's access to the IMSI materials reveals their strategy by enabling the Government to learn the identity and field of practice of the defense experts who visit Mr. Duncan while the defense does not have similar access to the prosecution's strategy. The Government, on the other hand, draws a distinction between learning the identity of an expert and learning the substance of an expert's report, evaluation, or examination. The Government argues it has a legitimate interest in accessing the information and that the Defendant does not have a protectable interest precluding the Government from obtaining the materials. Having reviewed the parties arguments the Court finds as follows.

I. <u>Visitor Logs</u>:

The defense has raised several potential rights and/or protectable interests which it argues preclude the Government from obtaining the Defendant's visitor logs including: the First, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. The Due Process guarantee of fairness is violated, they argue, by compromising the defense teams ability to use its experts confidentiality and by allowing the Government to learn the identity of potential defense experts while the defense does not have access to such information from the Government. The defense also contends that revealing the information to the Government violates the Equal Protection Clause by

- 2 -

penalizing the Defendant unfairly because of his status as a prisoner, without any rational basis, whereas a non-incarcerated defendant would not have to reveal similar information to the Government. Finally, the defense asserts that the Sixth and Eighth Amendments are violated by forcing counsel to choose between maintaining confidentiality of defense strategies and conducting the requisite investigation necessary to meet the Constitutional requirements for providing an effective defense in this capital case. In this same vein the defense also asserts that the Government has violated the attorney work-product doctrine.

The Government disputes the validity of these arguments drawing a distinction between the visitor logs which merely identify defense experts and the substance of any defense experts' reports, examinations, or evaluations. Further, the Government asserts there exists a rationalized and legitimate basis for the IMSI policy and for the Government to access the material. The Constitutional rights asserted by the defense do not appear to preclude IMSI from disclosing the visitor logs to the Government. Of all the arguments raised by the defense the only one that may apply to the visitor logs is the Sixth Amendment arguments. However, in light of the Court's ruling below the Court will not analyze the issue.

The Government argues that the visitor logs obtained from IMSI are public records under Idaho Code § 9-337(13) and, therefore, subject to examination pursuant to Idaho Code § 9-338. The defense disputes whether the materials are public records and, if so, argues the Government has failed to comply with the procedures for obtaining such materials as required by the Idaho Public Records Act.

In Idaho, a "Public record" is broadly defined as "any writing containing information relating to the conduct or administration of the public's business prepared, owned, used or retained by any state agency, independent public body corporate and politic or local agency regardless of physical form or characteristics." Idaho Code § 9-337(13). Certain law enforcement records and the like are

- 3 -

explicitly exempt from disclosure in Idaho Code § 9-340B including records of the department of correction "that contain any identifying information, or any information that would lead to the identification of any victims or witnesses." Idaho Code § 9-340B(4)(a)(ii).

Assuming the Government is correct that the visitor logs are public records, because the visitor logs contain identifying information as to potential expert witnesses for the defense the Court finds that the IMSI visitor logs are exempt from disclosure under the Idaho Public Records Act.[1] Accordingly, the Court will grant the motion for a protective order as to the IMSI visitor logs.[2]

The defense raises another basis for granting the motion asserting that federal statutes and procedural rules protect criminal defendants from revealing their trial strategy. On this point the Court generally agrees with the defense. The disclosure of evidence and experts in a criminal case are governed by Federal Rules of Criminal Procedure 12.2 and 16 and this Court's Procedural Order. In addition, the Criminal Justice Act, 18 U.S.C. § 3006A allows defense counsel to seek expert and investigative services *ex parte* thereby allowing the Defendant to pursue the case and devise a strategy without revealing the same to the Government. Though these statutes and rules do not preclude disclosure of the records in this case, the Court generally agrees that revelation of potential defense experts through the visitor logs circumvents the standard procedure for disclosure of experts

---

[1] The defense alternatively seeks to invoke the Court's inherent authority to seal records that would normally be available to the public. (Dkt. No. 52, p. 3). The cases sited, however, are limited to documents filed in the court's record. Because the documents in this case are not part of the Court's record these cases are inopposite.

[2] The Government noted that certain media outlets employed the Idaho's public records law to obtain the visitation and mail logs of Mr. Duncan in the state court proceedings and published the information in the newspaper. Regardless of whether the media was able to obtain this information previously, the Court finds that it is necessary at this stage to grant the requested protective order as to the IMSI visitor logs for Mr. Duncan in light of the nature of this action, the publicity, and the possible penalties. The fact that the media was previously given the visitation logs evidences the fact that they may, as the Government has argued, be public records but that the exception to disclosure in Idaho Code § 9-340B(4)(a)(ii) precludes further discovery of such records.

in criminal cases.[3]

II.  <u>Jail Correspondence</u>:

The defense has raised similar arguments regarding the disclosure of jail correspondence to and from the Defendant. The Court finds the Defendant's arguments are without merit. Courts have decided the practice of opening, reading, monitoring, and disclosing non-legal mail pursuant to an official prison policy is not a violation of the inmate's Constitutional rights. <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987) (holding that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests" and enumerating four factors to consider in determining the reasonableness of a prison regulation.); <u>see also</u> <u>Busby v. Dretke</u>, 359 F.3d 708 (5th Cir. 2004). Here, the Government possesses a legitimate rational interest in the documents for the purpose of discovering evidence of past criminal activity and preventing any future crimes or criminal conduct.[4] Discovering and preventing future crimes are legitimate penological interests; whether they be inside or outside of the prison. However, the Government is not entitled to disclosure of any legal correspondence. Accordingly, the Court denies the motion for a protective order as to the disclosure of non-legal correspondence. The Government may obtain non-legal correspondence to and from the Defendant so long as the IMSI policies are followed.[5]

---

[3] This ruling resolves the Defendant's arguments that by disclosing the identity of the defense experts the attorney work-product doctrine is violated as the mental process of the defense counsel is revealed through these disclosures.

[4] The defense disputes whether it is necessary for the Government to have full access to these materials in order to satisfy their law enforcement interest. The Government has provided specific bases which are reasonably related to its legitimate interest in discovering evidence of past crimes, potential future crimes, and monitoring any of his efforts to pass coded messages or communications to other child predators. <u>See</u> e.g. (Dkt. No. 58, p. 2-3).

[5] The defense argues the IMSI will not typically photocopy a letter unless it raises security concerns but, in the Defendant's case, IMSI has photocopied all mail to and from the Defendant at the request of the Government. While it may be true that generally IMSI does not copy every letter to and from every inmate, given the nature of this case, the revelations regarding the Defendant's past criminal activities, and general security concerns the Court finds that a

- 5 -

The defense argues the IMSI disclosure of legal mail to the Government by IMSI has violated the attorney-client privilege. These allegations result from the Government's collection of correspondence from Joyce Naffzinger, an investigator hired by the Kootenai Public Defender's Office on the state case, and Debra Garvey, a member of the defense team on the charges in this case. The Government has acknowledged the receipt of these materials and responded to the allegations by noting: 1) the correspondence between the Defendant and Ms. Naffzinger was not marked as "Legal Mail" and was not identified as such prior to its disclosure to the Government and 2) the letters to Ms. Garvey from the Defendant were marked "Legal Mail" on the envelope, but not the letter itself, and IMSI mistakenly provided them to the Government who did not initially recognize Ms. Garvey's name as a member of the defense team. Upon identifying Ms. Garvey as a part of the defense team, the Government sealed the letters and provided them to the defense in discovery. In addition, the Government points out that had these materials been properly marked by the Defendant as "Legal Mail" they would not have been disclosed, the letters contained no revealing information, and that since then the Government has put its own system in place to safeguard against further revelations of other legal mail. The Government maintains that all other materials disclosed to them from IMSI were non-protected/non-legal communications and collected pursuant to IMSI security policy. The defense disputes whether the Government's actions relating to these letters was appropriate and points out that these errors prove that the protections in place have failed in this case and potentially compromised the attorney-client relationship/privilege.

The Court has reviewed these particular letters and finds that they do not contain information revealing defense strategy or prejudicial information; thus, their disclosure was not prejudicial to the defense. However, the Court will preclude the Government from using these letters and/or

---

heightened level of monitoring of the Defendant's mail is warranted.

- 6 -

referring to these letters in any way in this case.

## ORDER

Based on the foregoing and being fully advised in the premises, the Defendant's Motion for Protective Order (Dkt. No. 52) is **GRANTED IN PART AND DENIED IN PART** as follows:

1) The motion is granted as to the disclosure of records relating to the Defendant's visitor logs.

2) The motion is denied in all other respects. IMSI shall comply with its standard procedures regarding inmate jail in this matter.

DATED: **July 19, 2007**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

- 7 -