IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. **11-cr-38-JLK**

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**GARY DOUGLAS WATLAND,**

        Defendant.

---

**MOTION FOR PROTECTIVE ORDER TO PREVENT FEDERAL PROSECUTORS FROM OBTAINING, MAINTAINING, AND USING DEFENSE CONFIDENTIAL MATERIALS AND INFORMATION OBTAINED AS A RESULT OF THE FACT THAT MR. WATLAND IS IN THE CUSTODY OF THE BUREAU OF PRISONS**

---

Defendant Gary Douglas Watland, through counsel, and pursuant to the Fifth and Sixth Amendments to the U.S. Constitution and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, hereby moves this Court to issue a protective order to prevent the Office of the United States Attorney from obtaining, maintaining, and using defense confidential materials and information as a result of the fact that Mr. Watland is in the custody of the U.S. Bureau of Prisons (BOP).

**Introduction**

At the time of the events underlying the Indictment, Mr. Watland was serving a

lengthy sentence for Maine state crimes, but was housed at the BOP. Following his Indictment in the instant case, this Court ordered Mr. Watland detained. The BOP is currently housing Mr. Watland at the "Administrative Maximum" facility of the U.S. Penitentiary in Florence, Colorado (ADX). Between now and the time of trial, defense counsel reasonably expect that the BOP will, for the most part, be housing Mr. Watland at the ADX, and sometimes alternatively at FCI Englewood in connection with trips to allow Mr. Watland to attend certain court hearings in this case in person. Thus, throughout the defense preparation of this case for the guilt-innocence trial and any potential penalty phase, any individuals who visit Mr. Watland—whether members of the defense team, experts or consultants working closely with the defense team, or potential mitigation witnesses—will necessarily comply with the BOP's policies and procedures for arranging legal and other visits with Mr. Watland. These policies and procedures include, *inter alia*, written requests to the staff at ADX (and possibly FCI Englewood as well).

Whenever undersigned counsel sends such a written request to the staff at ADX, he makes a special notation at the top of the letter stating as follows:

> This letter contains **Attorney Work Product.** It should not be placed in the Central File.

It was counsel's intent by making such notations on his written correspondence with ADX concerning visitors to Mr. Watland to shield the defense team's confidential attorney work product from the federal prosecutors handling this capital case. However, review of discovery reveals that the BOP has already turned over a number of such

2

written communications to the U.S. Attorney's Office for the District of Colorado, and specifically the federal prosecutors handling this case. Attached hereto as Exhibit 1 is a (redacted) sample of such a letter that was turned over by the BOP to federal prosecutors, who subsequently marked it as discovery and produced it to defense counsel.

### The Confidentiality Of Defense Attorney Work Product Has Been Compromised

Defense counsel are deeply concerned that this practice of the BOP sharing documentation and/or information about Mr. Watland with federal prosecutors has already comprised the confidentiality of certain attorney work product of Mr. Watland's defense team, and that such breaches of confidentiality will likely continue if this practice is left unchecked. Simply put, although the BOP may have legitimate security needs for requiring written documentation in connection with visits to inmates, including legal visits, that does not mean that the federal prosecutors seeking a sentence of death against Mr. Watland should be allowed to learn who is visiting Mr. Watland, when, how often, and/or for how long. In our adversary system of criminal justice, it is unfair and a violation of due process for prosecutors to learn the defense team's confidential preparation of Mr. Watland's defense.

### Good Cause Justifies The Entry Of A Protective Order

Mr. Watland respectfully asks the Court to remedy this situation to give full effect to his rights to due process, a fair trial, and the effective assistance of counsel under the Fifth and Sixth Amendments to the U.S. Constitution. Additionally, Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that as part of the Court's authority to

regulate discovery, the Court may enter protective orders for good cause shown. For all the reasons stated herein, Mr. Watland has demonstrated good cause for the issuance of a protective order to address this matter.

### The Terms Of The Proposed Protective Order

Specifically, Mr. Watland asks the Court to order the following relief:

- The federal prosecutors who are prosecuting Mr. Watland shall purge their files of all documents and/or other materials designated or constituting defense attorney work product. Each prosecuting attorney shall certify that he and his staff have destroyed all originals and copies of such materials, including without limitation paper and electronic copies (indicating the Bates numbers where applicable), and file such Certifications with the Court.

- The federal prosecutors who are prosecuting Mr. Watland shall be forbidden from using information obtained from such materials in the course of prosecuting Mr. Watland.

- Going forward, the BOP shall be prohibited from providing to federal prosecutors the originals and/or copies of any letters designated "attorney work product" and sent by members of the defense team to BOP staff at ADX, FCI Englewood, or any other BOP facility. To facilitate the secure implementation of this prohibition, the BOP shall not place such materials in Mr. Watland's "central inmate file."

### The Position Of The Government

Defense Counsel, Nathan Chambers and Patrick Burke, met with Assistant United States Attorneys Michael Carey and Kurt Bohn before filing this Motion in order to determine if the Motion could be filed unopposed, but no agreement was reached.

### Conclusion

For all the reasons stated herein, Mr. Watland respectfully requests that this Court grant this Motion and enter the requested protective order.

4

Respectfully submitted this 22nd day of March, 2011.

        *s/Patrick J.Burke*
        Patrick J. Burke
        Patrick J. Burke, P.C.
        999 18th Street, Suite 2055
        Denver, Colorado 80202
        Telephone:   (303) 825-3050
        Facsimile:    (303) 825-2992
        Patrick-J-Burke@msn.com

        Nathan Chambers
        Nathan D. Chambers, LLC
        1601 Blake Street, Ste 500
        Denver, Colorado 80202
        Telephone:   (303) 825-2222
        Facsimile:    (303) 825-4010
        nchambers@ccdzlaw.com

        Gail K. Johnson
        Johnson & Brennan, PLLC
        1401 Walnut Street, Suite 201
        Boulder, Colorado 80302
        Telephone:   (303) 444-1885
        Facsimile:    (866) 340-8286
        gjohnson@johnson-brennan.com

        ***Counsel for Defendant Gary Douglas Watland***

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2011, I electronically filed the foregoing MOTION FOR PROTECTIVE ORDER TO PREVENT FEDERAL PROSECUTORS FROM OBTAINING, MAINTAINING, AND USING DEFENSE CONFIDENTIAL MATERIALS AND INFORMATION OBTAINED AS A RESULT OF THE FACT THAT MR. WATLAND IS IN THE CUSTODY OF THE BUREAU OF PRISONS with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, including the following:

Michael P. Carey
Assistant United States Attorney
Office of the U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
michael.carey@usdoj.gov

Kurt Bohn
Assistant United States Attorney
Office of the U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
kurt.bohn@usdoj.gov

Jeffrey B. Kahan
Trial Attorney
U.S. Dept. of Justice, Capital Case Unit
1331 F Street, NW; Rm. 337
Washington, D.C. 20530
jeffrey.kahan@usdoj.gov

*s/Jennifer Feldman*