IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | **UNDER SEAL** |
| DYLANN S. ROOF | ) | |

### CONSENT PROTECTIVE ORDER
### (CHARLESTON DETENTION CENTER VISITORS' LOG)

This matter is before the Court on the defendant's motion for a protective order (Dkt. No. 92), which motion was filed under seal. *See* Order dated Nov. 3, 2015, Dkt. No. 76 (granting leave to file under seal). The Court is advised that the defendant and the government have now reached an agreement concerning the handling of jail visitation logs that will accommodate both the defendant's need for confidentiality in the preparation of his case and the government's right to investigate non-privileged information related to the defendant's non-legal communications. Specifically, the government and the defense have agreed that:

1. The government may from time to time serve subpoenas on the Al Cannon Detention Center which will require jail personnel to provide to the government copies of defendant's visitation log and related documentation.

2. All jail logs and any related documentation concerning visits to the defendant at the Detention Center obtained by the government will first be provided to a "taint team" consisting of a designated FBI agent and an Assistant United States

1

Attorney, neither of whom are or will be involved in the investigation or prosecution of this case.

3. The defense will provide to the taint team a list of all defense team members, including defense counsel, paralegals, investigators, consultants and experts, who are visiting the defendant at the request of defense counsel as part of the preparation of his defense. The government, through the "taint team," may object to the presence of any individual on this defense list as being neither a member of the defense team nor an expert.

4. The taint team will redact from all Detention Center visitation records the names and any other identifying information of the visitors whom the defense has identified in accordance with paragraph 3.

5. Before forwarding any Detention Center visitation records to counsel for the government, the taint team will provide a copy of the redacted visitation records to counsel for the defendant and permit defense counsel a reasonable opportunity to determine whether defense counsel disagree with any of the taint team's decisions regarding redactions.

6. In the event of a disagreement either party may file a motion under seal requesting that the Court resolve the disagreement. The taint team shall not disclose to the government any disputed material covered by this order while any such motion is pending.

7. The parties agree that should an individual be identified by defense counsel as a testifying witness or expert, the visitation log entries identifying the visits by such

an identified individual can thereafter be made available to the Government's prosecution team.

8. This agreement will stand in place until entry of judgment and does not preclude further agreement.

This agreement appearing to be reasonable, it is hereby adopted as the order of this Court. This order will be filed under seal for the reasons previously set forth in the Court's previous order dated November 3, 2015 (Dkt. No. 76), provided, however, that the order may be disclosed to counsel for the prosecution and defense in the case against the defendant now pending in the Charleston County Court of General Sessions, Indictment Nos. 2015-GS-10-04115 to -04124 and 2015-GS-10-04186 to -04188, and to the judge in that case.

IT IS SO ORDERED.

_____
Richard M. Gergel
United States District Judge

November 2½, 2015

Charleston, South Carolina

3

WE CONSENT TO ENTRY OF THE ABOVE ORDER:

    David I. Bruck
    Michael P. O'Connell

By:   s/David I. Bruck and Michael P. O'Connell
       Attorneys for the defendant Dylann S. Roof


    William N. Nettles
    Julius N. Richardson
    Nathan S. Williams

By:   s/Julius N. Richardson and Nathan S. Williams
       Attorneys for the United States