IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO.: 2:15-cr-00472-RMG |
| v. | |
| **DYLANN STORM ROOF** | |

### **NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

The United States of America, by and through its undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and Defendant DYLANN STORM ROOF that the United States believes the circumstances of the offenses charged in Counts 13-21 and 25-33 of the Indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Section 3591 through 3598) of Title 18 of the United States Code, and that the United States will seek the sentence of death for these offenses: Obstruction of Exercise of Religion by Force Resulting in Death and Use of a Firearm to Commit Murder During and In Relation to a Crime of Violence, all of which carry a possible sentence of death.

The United States proposes to prove the following factors as justifying a sentence of death with regard to Counts 13-21 and 25-33 (except where other Counts are specified):

(A) DYLANN STORM ROOF was 18 years of age or older at the time of the offense.

(B) Statutory Threshold Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D).

(1) Intentional Killing. DYLANN STORM ROOF intentionally killed Reverend Sharonda Coleman-Singleton, Cynthia Hurd, Susie Jackson, Ethel Lee Lance, Reverend DePayne Middleton-Doctor, Reverend Clementa Pinckney, Tywanza Sanders, Reverend Daniel Simmons, Sr., and Myra Thompson. 18 U.S.C. § 3591(a)(2)(A).

(2) Intentional Infliction of Serious Bodily Injury. DYLANN STORM ROOF intentionally inflicted serious bodily injury that resulted in the deaths of Reverend Sharonda Coleman-Singleton, Cynthia Hurd, Susie Jackson, Ethel Lee Lance, Reverend DePayne Middleton-Doctor, Reverend Clementa Pinckney, Tywanza Sanders,

Reverend Daniel Simmons, Sr., and Myra Thompson. 18 U.S.C. § 3591(a)(2)(B).

(3) Intentional Participation in Acts Resulting in Death. DYLANN STORM ROOF intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Reverend Sharonda Coleman-Singleton, Cynthia Hurd, Susie Jackson, Ethel Lee Lance, Reverend DePayne Middleton-Doctor, Reverend Clementa Pinckney, Tywanza Sanders, Reverend Daniel Simmons, Sr., and Myra Thompson died as a direct result of such action. 18 U.S.C. § 3591(a)(2)(C).

(4) Intentional Engagement in Acts of Violence, Knowing that the Acts Created a Grave Risk of Death to a Person. DYLANN STORM ROOF intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than

3

        one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Reverend Sharonda Coleman-Singleton, Cynthia Hurd, Susie Jackson, Ethel Lee Lance, Reverend DePayne Middleton-Doctor, Reverend Clementa Pinckney, Tywanza Sanders, Reverend Daniel Simmons, Sr., and Myra Thompson died as a direct result of such action. 18 U.S.C. § 3591(a)(2)(D).

(C) Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

    (1) Multiple Killings. DYLANN STORM ROOF, in committing the offenses in Counts 13-21 and 25-33, intentionally killed and attempted to kill more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

    (2) Substantial Planning and Premeditation. DYLANN STORM ROOF committed the offenses charged in Counts 13-21 and 25-33 after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

4

      (3) Vulnerable Victim. DYLANN STORM ROOF committed the offenses in Counts 15 and 27 (for killing Susie Jackson who was eighty-seven years old), Counts 16 and 28 (for killing Ethel Lee Lance, who was seventy years old), and Counts 20 and 32 (for killing Reverend Daniel Simmons, Sr., who was seventy-four years old) on victims who were particularly vulnerable due to old age. 18 U.S.C. § 3592(c)(11).

(D) Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

      (1) Attempt to Incite Violence. In preparation for, in committing, and subsequent to the acts of violence, the Defendant attempted to incite violent action by others.

      (2) Victim Impact. DYLANN STORM ROOF caused injury, harm, and loss to the individuals that he killed as well as to the family, friends, and co-workers of those individuals. The injury, harm, and loss caused by DYLANN STORM ROOF with respect to each victim is evidenced by the victim's personal characteristics and

5

       by the impact of the victim's death upon his or her family, friends, and co-workers.

(3) Endangering the Safety of Others. DYLANN STORM ROOF endangered the safety of one or more persons in addition to the victims of the murders charged in the Indictment in the commission of these offenses.

(4) Racially Motivated Killing. DYLANN STORM ROOF has expressed hatred and contempt towards African Americans, as well as other groups, and his animosity towards African Americans played a role in the murders charged in the Indictment.

(5) Selection of Victims. DYLANN STORM ROOF targeted men and women participating in a Bible-study group at the Emanuel AME Church in order to magnify the societal impact of the offenses charged in the Indictment.

(6) Lack of Remorse. DYLANN STORM ROOF demonstrated a lack of remorse.

```
                                   Respectfully submitted,


                                   s/ Julius N. Richardson
                                   JULIUS N. RICHARDSON (ID #9823)
                                   NATHAN WILLIAMS
                                   Assistant United States
                                   Attorneys
                                   1441 Main Street, Suite 500
                                   Columbia, SC 29201
May 24, 2016                       (803) 929-3000
```

7