IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENSE POSITION WITH RESPECT TO**
**USE OF STANDARD JURY QUESTIONNAIRE**

Pursuant to the Court's Order of June 7, 2016, Dkt. No 179, the defendant Dylann Storm Roof, through counsel, hereby submits the following position with respect to the content and use of the standard jury questionnaire procedure proposed by the Court. In sum, the defense

1. has no objection to the use of the standard questionnaire, on the understanding that the parties will be given an opportunity to object to the excusal of any juror based on his or her standard questionnaire responses;

2. requests that the Court require appropriate follow-up by the Clerk's Office with respect to jurors whose summonses are returned as undeliverable, or from whom no response is received; and

3. requests that the Court maintain, under seal, all documentation of the selection process, as described below.

1

We understand that the Court intends to direct the Clerk to send the Standard Juror Questionnaire[1] along with a jury summons to each of some 1200-1500 persons whose names are drawn from the master jury wheel. On the understanding that some of the areas covered in the questionnaire will also be addressed in more detail in the case-specific questionnaire, Mr. Roof has no objection to the form or content of this questionnaire.

Defense counsel currently assumes that the Clerk will identify for the Court and the parties all jurors who appear to be ineligible, exempt, or otherwise disqualified based on their standard questionnaire responses. The defense has no objection to this procedure, so long as the parties are afforded a reasonable opportunity to object to the excusal of any juror so identified, and to request that the juror be required to appear to fill out a supplemental questionnaire and for possible voir dire examination.

The defense makes the same request with respect to transfers or excusals based on jurors' answers on Form JA SCD 203, "Request for Jury Service Postponement/Excuse." We ask that the Court require the Clerk's office to provide these forms to the parties along with the jurors' completed standard questionnaires, so that the parties may request further inquiry by the Court regarding any particular requested excuse or deferral.

With respect to jurors who do not respond to the questionnaire, the defense requests that such jurors be summoned to appear for case-specific questioning on

---

[1] The form to which we refer is found at http://www.scd.uscourts.gov/Forms/Jury/Harwell_Standard_Juror_Questionnaire_Sample.pdf (last visited on June 13, 2016).

2

September 26, 2016.  If the Court declines to require the appearance of such jurors, Mr. Roof requests that the Court require the Clerk's office to maintain, under seal, a list of those jurors' names, in the event an appeal is necessary.

To preserve the integrity and representativeness of the initial draw from the master wheel, we request that the Court require appropriate follow up by the Clerk's Office on any undeliverable summonses or summonses that received no response.

Finally, in the event of any appeal, we request that the Court require the Clerk's Office to maintain, under seal, the original draw, any undeliverable summonses or summonses that received no response, and a list of any disqualified, exempted, or excused jurors (along with any request forms or questionnaires associated with those jurors).

        Respectfully submitted,

        s/ *David I. Bruck*
        David I. Bruck
        Washington & Lee School of Law
        Lexington VA 24450
        540-458-8188
        bruckd@wlu.edu

        Michael P. O'Connell
        PO Box 828
        Mt. Pleasant, SC 29464
        843-577-9890
        moconnell@stirlingoconnell.com

        Attorneys for Dylann S. Roof