

# TEXAS CRIMINAL DEFENSE LAWYERS ASSOCIATION

## Texas Criminal Defense Lawyers Association

## 25th Annual Rusty Duncan
## Advanced Criminal Law Course

June 7-9, 2012
Henry B. Gonzalez Convention Center
San Antonio, Texas

## Topic:
## Death Penalty Jury Selection

**Speaker:**          Carlos Garcia

Texas Defender Service
510 S. Congress Ave. Suite 304
Austin, Texas 78704
512.320.8300 phone
cgarcia@texasdefender.org email

Exhibit A

# DEATH PENALTY JUROR SELECTION

> "Think big, think positive, never show a sign of weakness. Always go for the throat. Fear? That's the other guy's problem."
>
> -Dan Akroyd

> "Defense counsel in a capital murder case must develop a theme for life, a set of reasons, supported by facts, that will persuade each juror that the client will be sufficiently punished by a sentence of life imprisonment instead of the death penalty."
> "The reasons for life should be client specific and case specific, not stock arguments against the death penalty. The themes should focus on considerations regarding the particular client. Each juror must be shown why life imprisonment is sufficient punishment in this case for this particular client, regardless of what each thinks about the death penalty in general or for other offenders."
>
> -Stephen B. Bright
>
> "Put simply, figure out what you want to tell the jury, supply the evidentiary grounds upon which this rests, and tell them."
>
> -Bryan R. Shechmeister

**Primary Objective:**

1. Be the lawyer the juror wants to follow.
2.

1

## The Colorado Method

**I.  A Quick Summary of the Colorado Method:**  The system involves rating jurors on death views alone.  The death rating controls absolutely.  Race, ethnicity, sex, etc are out the door.  The mechanisms used are:

    **A.  A Questioning Process:**  Questions designed to elicit the juror's true feelings concerning the death penalty, ascertaining the degree of those feelings or beliefs in the juror, and ascertaining the factual circumstances most likely to cause the juror to vote for life or death (in other words, are you in their kill zone).

    **B.  A Rating System:**  A Rating system from One (1), "never kill" to Seven (7), "always kill," using (+) and (-) depending on the responses the juror gives.  Challenge out the 5-7's.

    **C.  Insulation and Isolation Techniques on All Jurors:**  A set of questions designed to fragmentize and empower jurors with the tools and respectability to give life; to diffuse the pro-death juror attempts to browbeat hesitant jurors to a unanimous death verdict; and to follow the structure you have given them.  You want them to stick to their views, and have the inner strength to vote their conscience.

---

**In my opinion, this is the heart of the system.  If we accomplish nothing else, when voir dire is over, each juror must know, by heart, the following principles:**

**1.  Each of them is entitled to her own opinion and vote on every issue in a case.**

**2.  His opinion is not subject to negotiation,**
**His opinion of reasonable doubt is not subject to negotiation,**
**His opinion of what is mitigating circumstances is not subject to negotiation.**

**3.  Has an absolute right to vote their own conscience, to make an individual moral assessment free from criticism or explanation to anyone, judge, other jurors, etc.**

**4.  Each of them is entitled to respect from the other jurors regarding his opinion.**

**5.  Each of them can give life for whatever reason they wish, he does not have to explain his decision to anyone.**

---

**II.  How to do it:**

    **A.  Questionaires:**  You should have them scored and have an idea about who you want, but do not get tied down to your ranking.  You will misread some.

    **B.  General Voir Dire:**

2

1. Introduce yourself, client, co-counsel.  Tell the panel that the only thing you expect of them is to be frank and open with you, that the only thing that matters is their honest opinion on issues, and that they should expect the same of you, that they can expect you to be honest, straightforward, and professional, at all times.
2. Show the panel an outline of your presentation with 4-5 main points you intend to cover.
3. Take charge of the courtroom by walking all over it; a minimal explanation of how trial works allow you to walk over to witness chair, prosecution table, etc.
4. Have your outline ready to discuss the main issues.

   a. False Confession, lesser offense, mistaken identity, whatever the defense is.
   b. Reasonable doubt, right to not testify, range in punishment, bias towards law enforcement, presumption of innocence.

[Use this time to cut the 5-7s as much as possible or to set them up for challenges later.]

5. Explain the trial process in a case in which the state is seeking the death penalty.  Explain that you have no choice but to diuscuss punishment issues before they ever decide innocence.  It is unfair but it must be done that way.

   a. The Law presumes Life.
   b. The Law never requires the death penalty.
   c. The Law is written for those for whom there is no hope, who are beyond redemption.  Adolf Hitler, Jeffrey Dahmer, John Wayne Gacy, use extreme examples.  One way of looking at it is whether the person is the "worst of the worst," completely without any hope of redemption.

6. Show how the law presumes life.

   a. First, must be convinced beyond a reasonable doubt, that the government has proven that the person committed the crime charged.
   b. If the government does so, they must convince each of the 12 jurors:

      i. Beyond a reasonable doubt, the person is a future danger, even in prison.  If 12 people do not agree, the inquiry ends there and you (the juror) have the responsibility of informing the judge.  Only 10 persons need to agree that the person is not a future danger and the inquiry ends there.
      ii. If 12 agree, then they consider where there are sufficient mitigating circumstances to warrant a life sentence.
          * Only 10 need to agree that there are, but all 12 must agree

3

that there are not, thus the presumption of life.

iii. **Tell them, "there is only one way of sentencing a person to death, of killing someone, (1) all 12 must agree that the person is a future danger, and (2) all 12 must agree that there are no sufficient mitigating circumstance or circumstances.**

"Mitigation means whatever it means to you."
"You can vote for life for whatever reason you want."
"You have a right to your decision, you vote, and you do not have to explain it to anyone. It is an individual moral assessment you make."

iv. Explain the juror bill of rights. "You have the right to:

(1)   decide for yourself whether person lives or dies."
(2)   give life by your individual vote."
(3)   Decide for yourself what reasonable doubt is, what mitigation is."
(4)   Give whatever weight you want to mitigation evidence."
(5)   To give life for whatever reason you choose."
(6)   To have your vote respected by other jurors, the judge, prosecutor."

## C. Individual Voir Dire:

1. Identify juror as killer or a keeper.
2. If she is a killer, cause her out with any number of issues, presumption, burden of proof, inability to consider full range of punishment.
3. If she is a keeper, isolate and insulate.

a. Teach respectability for differing views.
b. Right to their own opinion. Respect other's opinion.
c. Issue One. State must prove. Dissect the issue into its elements (i.e. inability of state to prove beyond a reasonable doubt).
d. Issue Two. Mitigation is whatever it means to you {e.g. Reasonable doubt, lack of record, youth, 40 years flat time, person, jurors do not have to agree on what is mitigation, (or reasonable doubt)}.

## III. Lines of Questioning:

**A. Identification Questions:** The objective here is to find out where they stand, how they rate on the scale. Do not accept pat answers. Peel away at their views with follow up questions such as:

4

1. Tell me more about that.
2. Why do you feel that way?
3. What makes you say that?
4. How strong do you feel about that?
5. What are your views on the death penalty?
6. How long have you had them?
7. Have they changed over the years?
8. What are the reasons you feel that way you do?
9. When do you feel that the death penalty is appropriate?
10. Do you feel that the death penalty deters crime?
11. Is it cheaper to execute than to keep them locked up?
12. Do some defendants deserve the death penalty more than others? Hitler, Bundy, Dahmer, baby murderers?
13. What would you look at to decide if the death penalty is appropriate?
14. What do you think about life in prison? Too much? Too little?
15. What do you think about an eye for an eye?
16. When do you feel the death penalty is absolutely necessary?

    a. Anytime a murder is committed?
    b. If the person has a history of crime?
    c. If the person has no history of crime but the crime is gruesome and atrocious?
    d. If more than one person was killed?

**B. The Killer Juror [Lead Them]:** The objective here is to cement them to their views, and to try to establish a challenge for cause, either because they will always vote for the death penalty, or they will be predisposed to find future dangerousness, or they will not consider mitigation evidence. My questions need work here.

1. You have strong feelings, scruples, about the death penalty. Tell me about them.
2. Why do you believe so strongly in the death penalty?
3. When do you feel it is appropriate?
4. Is it fair to say that if you were to convict someone of capital murder, you would lean towards voting for death?
5. Would it be fair to say that if you convict someone of capital murder, you would consider the person automatically a future danger?
6. These are strong principles you have, correct?
7. And you will stick to these principles, as it is your right to, no matter what I say? The Judge says? The prosecutor?
8. Would it be fair for them to try and get you to say something that you don't believe in?
9. Is it fair to say that you have strong feelings that if someone kills another, there is no reason or reasons you would consider to give life rather than death?

5

**C. The Never-A-Killer Juror:** The objective here is to save as many as you can so that the state has to use a strike.

1. You do not believe in the death penalty, true?
2. You understand that a person like yourself can sit on a case where the state is seeking the death penalty, you are not disqualified? That would be a prejudice against you and your views.
3. All that the law requires is that if you convict a person of capital murder, that you answer the question honestly, according to your own morals.
4. Would it be fair to have only believers of the death penalty on a case where the government is seeking the death penalty?
5. Wouldn't the government have an unfair advantage? It wouldn't be fair.
6. You can follow the law, and answer Issue One truthfully. Issue Two
7. Understand you decide what mitigation is. What it means to you. You can give life for whatever reason and do not have to explain it to your fellow jurors, the judge, anybody.

**D. Mitigation:** The objective here is to insulate/isolate on the mitigation issue. Can be done with reasonable doubt and future dangerousness, too.

1. Understand that mitigation is whatever you choose it to be?
2. For example, one juror may have the opinion that a person's youth is reason to give life, another may decide that a bad childhood is reason, and you each have the right to your own opinion.
3. Why do you think that the law is written so that only in extreme cases, do people merit the death penalty?

**E. Isolation and Insulation Techniques:** The objective here is to reinforce what you have said in general voir dire.

1. You have strong morals and scruples about the death penalty?
2. You are entitled to your own individual moral decision without criticism.
3. Why do you think that is right?
4. Would you respect someone's different opinion?
5. What would you do if someone tried to badger you or get you to change your opinion?
6. If you saw a juror bullying another juror to change their vote, would you stand up for them?
7. Why is it important to respect each other's views?

**IV. Themes:** The objective here is to thread throughout the case the same themes about punishment, both common and case-specific.

**A. Thread the Common Themes That:**

1. 40 years in a cell, 23 hours a day, that "life" is a substantial penalty.

2. Life is always the appropriate penalty. Law presumes life is appropriate in all cases.
3. Death penalty appropriate only for worse in society: Hitler, Dahmer, Bin Laden, Attila the Hun. Where there is no hope left for redemption.
4. Life is the appropriate penalty in this case because [my client is no Adolf Hitler].
5. Even those that have murdered women and children can be redeemed. (St. Paul).

**B. Depending on Your Particular Case, Thread the Themes that:**

1. Youth, if appropriate
2. Mental illness
3. Age
4. Confession, remorse
5. Cooperation with police
6. Etc.

## V. Don't Let the State Get Away with:

A. Stating that there must be a connection between the mitigating circumstance and the crime. There is no nexus requirement.
B. Stating that the juror must weigh the worth of the victim's life against the life of the defendant.
C. Shifting the burden on mitigation. There is no burden.
D. Shifting the burden on future dangerousness. They must prove it.
E. Ordering jurors that they must follow the law at voir dire. At voir dire, every potential juror has an absolute right to their opinions about the law. The can say, without fear, that they will not follow the law because of their own personal views.
F. Stating that sympathy can play no part in making a decision on the death penalty. Only "mere" sympathy is prohibited, not sympathy.
G. Calling your client names.
H. Referring to your client as "the defendant." Tell them he has a name.
I. Stating the law demands a verdict of death.

## VI. Do Show the Jurors at All Times:

A. You are the voice of reason.
B. You are asking them to follow the law.
C. The law dictates life in this case.
D. You are honest and professional.
E. You are on the offensive, always.
F. The state is on trial.

## VII. Things I Keep in Mind while Handling these Cases:

A. At the end of the day, the government wants my client dead no matter what.

B. The best way to a "Life" verdict is with a total team effort. Lawyers, mitigation specialists, Texas Defender Service, other lawyers, experts, etc. It is the only way.

C. Make the judge work. Protect everything you can; put evidence on for motions, including motions for continuances. If the judge won't let you put on evidence, make a bill.

D. **FIGHT LIKE HELL! At the end of the day, the government still wants my client dead. If my client should get the needle, it won't be because we didn't fight for his life.**

E. I believe in my case, be it innocent or my client's right to live, regardless of how bad he may have acted during some moment in time.

F. There is always mitigation. Find it. Answer the question, "why does he deserve to live?"

G. I have to prove my case with facts. Pretty words and arguments are great but they don't win cases. (Basically, what the persons in the box below have said before.)

Carlos Garcia
Texas Defender Service
cgarcia@texasdefender.org

510 S. Congress Ave.
Suite 304
Austin, TX  78704
512 320 8300

5/7/2012

## One Simple Question

Was an Innocent Man Made to Confess?

---

### The Topics …

* **The Presumption of Life**

* **Your Rights as a Juror**

* **A good son, good father, good husband.**

* **Bad Interrogations**

---



## You, The Juror

**The**

**Detached,**

**Objective,**

**Fact-Finder**

1

5/7/2012







5/7/2012



The
**Burden of Proof**

❖ Highest Proof

❖ Never Shifts

❖ Never Diminishes

_____

_____

_____

_____

_____

_____



The Law of
**Reasonable Doubt**

❖ You Define

❖ Non-Negotiable

❖ Expect Respect

_____

_____

_____

_____

_____

_____

*The Capital Trial Process ...*

Jurors Selected

| Opening Statements | Evidence | Closing Statements | Jurors Deliberate |

**Acquittal, Trial Ends**

**Conviction, Trial Continues**

_____

_____

_____

_____

_____

_____

3

5/7/2012

*Capital Trial Law ...*

- **Presumes Life.**
- **Never Requires Death.**
- **Requires Consideration of an An Entire Life.**

_____
_____
_____
_____
_____
_____
_____



_____
_____
_____
_____
_____
_____
_____

**Answers are based on your own personal, individual, moral assessment.**

_____
_____
_____
_____
_____
_____
_____

4

5/7/2012

* **Not Subject To Negotiation.**

* **Must Be Respected By Others.**

* **You, Alone, Decide.**

---

*The Sentencing Process*

**Question One ... Future Danger**

| 10 "NO" votes, | Life Without Parole |
| 12 "YES" votes, | GO TO QUESTION 2 |
| No Agreement, | Inform the Court |

---

*The Sentencing Process*

**Question Two ... Mitigation**

| 10 "YES" votes, | Life Without Parole |
| 12 "NO" votes, | Death |
| No Agreement, | inform the Court |

5/7/2012

## Question I: Future Danger

1. Is there a probability
2. that the defendant
3. will commit
4. criminal acts of violence that will
5. constitute a continuing threat to society?

Requires *Proof* Beyond a Reasonable Doubt that

## Question 2: Mitigation

Taking into consideration all of the evidence, including,

1. the circumstances of the offense,
2. the defendant's moral character and background, and
3. the personal culpability of the defendant,

Is there a sufficient mitigating circumstance or

circumstances to warrant that

a sentence of life imprisonment

rather than a death sentence be imposed?

## What is Mitigation?

...whatever you
decide it is.

Your own
personal, individual,
moral judgment

5/7/2012

## For example...

| | |
|---|---|
| ☒ Good Mother | ☒ Unstable home life |
| ☒ Good Daughter | ☒ Suggestible |
| ☒ Good Wife | ☒ Not a future danger |
| ☒ Good Sister | ☒ Lack of violent criminal history |
| ☒ Good friend | ☒ Kind |
| ☒ Good behavior in jail | ☒ Mentally Ill |
| ☒ Young | ☒ Mentally slow |
| ☒ Old | ☒ Peaceful |
| ☒ Helped Police | ☒ Illiterate |
| ☒ Sexually abused | ☒ Not worst of the worst, Hitler, Bin Laden, Gacy |
| ☒ Physically abused | |

_____
_____
_____
_____
_____
_____
_____
_____



| Question 1: | → NO? → | Life Without Parole |
| YES? ↓ | | |
| Question 2: | → YES? → | Life Without Parole |
| NO? ↓ | | Own personal, individual, moral judgment |
| Death | | |

_____
_____
_____
_____
_____
_____
_____

## What is Mitigation?

...whatever you decide it is.

Your own personal, individual, moral judgment

_____
_____
_____
_____
_____
_____
_____

5/7/2012



_____
_____
_____
_____
_____
_____
_____



_____
_____
_____
_____
_____
_____
_____



_____
_____
_____
_____
_____
_____
_____

8

5/7/2012

## Do You Know?



15

## A Juror's Rights



❖ **Define Reasonable Doubt**

❖ **Have Opinions Respected**

❖ **Stand By Your Convictions**

16

## A Juror's Duty

❖ **Detached, Objective**

❖ **Careful, Deliberate, Critical**

❖ **Follow The Law**

17

5/7/2012



_____
_____
_____
_____
_____
_____
_____



_____
_____
_____
_____
_____
_____
_____

5/7/2012



_____

_____

_____

_____

_____

_____

_____

**The Sentencing Process**

**Question One ... Future Danger**

| 10 "YES" votes, | Life Without Parole |
| 12 "NO" votes, | Death |
| No Agreement, | inform the Court |

_____

_____

_____

_____

_____

_____

_____

**The Sentencing Process**

**Question Two ... Mitigation**

| 10 "YES" votes, | Life Without Parole |
| 12 "NO" votes, | Death |
| No Agreement, | inform the Court |

_____

_____

_____

_____

_____

_____

_____

5/7/2012

*Capital Trial Law ...*

* **Presumes Life.**

* **Never Requires Death.**

* **Requires Consideration of an An Entire Life.**

---

*Your Opinion ...*

* **Not Subject To Negotiation.**

* **Must Be Respected By Others.**

* **You, Alone, Decide.**

---

**Question I: Future Danger**

1. **Is there a probability**
2. **that the defendant**
3. **will commit**
4. **criminal acts of violence that will**
5. **constitute a continuing threat to society?**

**Requires *Proof* Beyond a Reasonable Doubt that**

5/7/2012

## Question 2: Mitigation

Taking into consideration all of the evidence, including,

1. the circumstances of the offense,

2. the defendant's moral character and background, and

3. the personal culpability of the defendant,

    is there a sufficient mitigating circumstance or

    circumstances to warrant that

    a sentence of life imprisonment

    rather than a death sentence be imposed?

---

## What is Mitigation?

...whatever you decide it is.

Your own personal, individual, moral judgment

---

## For example...

- Good Mother
- Good Daughter
- Good Wife
- Good Sister
- Good friend
- Good behavior in jail
- Young
- Old
- Helped Police
- Sexually abused
- Physically abused

- Unstable home life
- Suggestible
- Not a future danger
- Lack of violent criminal history
- Kind
- Mentally Ill
- Mentally slow
- Peaceful
- Illiterate
- Not worst of the worst, Hitler, Bin Laden, Gacy

3

5/7/2012

**What is Mitigation?**

...whatever you
decide it is.

Your own
personal, individual,
moral judgment

### ***WHAT JURORS MUST KNOW***

- The Law Never Requires Death.  Ever.  The Law Presumes Life.

- State is forbidden from assessing death unless each juror finds
  1. Proof beyond a reasonable doubt that the defendant will be a future danger
  2. No mitigating factors exist

- Each Individual Juror has the power to choose life.

- Each Individual Juror decides for himself  what counts as reason for life.

- Each Individual Juror decides based on his or her own reasoned moral response.  It is their own individual, personal, moral decision.  Opinion not subject to negotiation.  Not a group decision.

- Jurors need not agree on what evidence is mitigating.

- Deliberation means "careful consideration", not arguing, debating, or explaining a reasoned moral response.  A juror never needs to negotiate their opinion.

- Jurors are not required to agree.  If cannot agree, his duty is to inform the judge.

- Jurors must respect each other's position, even if different.

Figure 1:  The Individual Voir Dire Process,

       Cause Out the Killers, Save the Keepers



### ***How to Preserve Voir Dire Error***

1) Object
2) Federalize your objection
3) Proffer the question as you would have asked it were you not improperly shut down
4) Then. . .
a) Exhaust all peremptory challenges
b) Request more challenges
c) When request is denied, identify an objectionable person seated on jury      against whom defense would have exercised a peremptory challenge

### VOIR DIRE CASE LAW SHEET  (ALL CASES US SUPREME COURT UNLESS NOTED)

**_PRESUMPTION OF LIFE_**  Law never requires death be imposed.  Forbidden to choose death unless juror finds future danger *beyond reasonable doubt* and no mitigation.      ***Art. 37.071***

**_MITIGATION_**
Responsibility for sentencing to death rests with each juror.            ***Caldwell v. Miss.,  472-320, 328-329***
Sentencing must be result of "reasoned moral response".      ***Wills v. TX , 511-1097/Penry v. Lynaugh, 492-302***

Jurors need not agree on what evidence supports "No" answer to Future Danger or "Yes" to Mitigation   ***Art. 37.071***

Jurors individually evaluate mitigation evidence                  ***Mills v. Maryland, 486-367***

Juror must be able to consider an individual defendant's mitigation          ***Tennard v. Dretke, 124-2562, 2570***

Juror must take into consideration the defendant's character and background      ***Art. 37.071***

Court must allow evidence "of such a character that it might serve as a basis for a sentence less than death'"
                                                                          ***Tennard, Skipper v. S. Carolina, 476-1, 5***

Attorney must be able to ask about specific mitigation in order to establish whether juror is biased against the law of mitigation                              ***Art. 37.071, Ham v. S. Carolina, 409-524***

Failure to question on an issue waives issue                  ***Webb v. State, 232 SW3d 109***

Commitment question allowed when answers give rise to valid challenge for cause   ***Standefer v. State, 59 SW3d 177***

**_MITIGATING EVIDENCE_**
Defendant is entitled to present any relevant mitigating evidence in support of a sentence less than death
                                                                          ***Payne v. Tennessee, 501-808, 822***
Examples:  drug problem, turbulent family hx, emotional problems, D's background, upbringing, character, good character.  Mitigation can be anything that the juror might consider for assessing life rather than death.
                                                                ***Lockett v. Ohio, 438 US 586 (1978), Tennard, Skipper***

Juror must be able to consider and give effect to mitigating evidence.  Jurors determine weight, but cannot give no weight by not considering it.  Sentencer may not refuse to consider, as a matter of law, any relevant mitigating evidence. *[very important.  This decision allows attorney to ask specific questions such as, "to you, a bad childhood is never mitigating"  if the juror agrees, she is out.]*            ***Eddings v. Oklahoma, Boyde v. CA, 494-370***

No nexus required.  There is no requirement that the mitigation offered be connected to the crime.  *Tennard*

**_STATE NOT ENTITLED TO PRO-DP JURY/ANTI-DP JUROR MAY SERVE_**
State may not empanel a pro-DP jury                  ***Morgan v. Illinois, 504-719, 732***

Juror is not biased merely because she has reservations about the DP    ***Witherspoon v. Illinios, 391-510***

Juror may not be excluded for cause simply because they "voiced general objections to the dp", "they voiced conscientious scruples against its infliction", "voiced religious scruples against its infliction"

*Witherspoon, Lockhart v. McCree, 476-162*

State can strike for death views only when opposition to the DP is so strong that the juror is not impartial on guilt or innocence (juror would always vote not guilty to avoid DP)    **Morgan, Lockhart**

Juror is excluded if their views prevent or substantially impair performance of duties    ***Wainright v Witt, 469-412***

Capital Defendant has right to impartial jury, including pro-life jurors who can answer issues honestly.  Pro-life juror who states he will not "consciously distort his answer to the special issue" has shown he can follow the law.
    ***Uttecht v. Brown, 127-2218, Clark v. State, 929 SW2d 5***

### DEFENSE ENTITLED TO CHALLENGE IF…
Juror who would automatic vote for DP if convict of CM.  Under Witt, the prospective juror does not have to say "automatic" to prevent or impair ability to abide by their oath. D can ask question directly.    ***Morgan***

Juror cannot "consider and give effect" to mitigating evidence    **Morgan @ 729, Penry @ 319, also Maldonado.**

Juror must be able to consider background and character, need not give mitigating weight to any particular type of evidence.    ***Maldonado v. State, 998 SW2d 239***

Sentencer cannot refuse to consider as a matter of law "any relevant mitigating evidence"
    ***Eddings v. Oklahoma, 455-104, 113-114***

Or refuse to consider evidence relating to the defendant's background or upbringing.  Because of 8th amendment.
    ***Lockett v. Ohio, 438-586, 604-605, Penry v. Lynaugh***

Can remove juror who cannot consider life sentence for CM
    ***Cumbo v. State, 760 SW3d 251, Pierce v. State, 604 SW2d 185,  Cuevas v. State, 575 SW2d 543***

Juror's partiality is a question of law.  A juror can say or believe they could be impartial but should be disqualified if Court believes they cannot be fair or impartial.    ***Smith v. Phillips, 455-209 (1982)***

### IMPROPER REHABILITATION
Questions insufficient to eliminate bias, "Can you follow the law?", "You can be fair, can't you.", "You can follow the court's instructions, can't you?" because general questions are unable to "detect those jurors with views preventing or substantially impairing their duties in accordance with their instructions under oath.    ***Morgan v. Illinois, 504-719, 729***

### DEFENSE RIGHT TO VOIR DIRE ON…
Appropriate to ask juror views on death penalty and ability to consider and give effect to mitigation based on allegations in the indictment.  Appropriate to probe juror's attitude toward imposition of DP when case falls into certain category (for ex. Multiple murders)    ***US v. Flores, 63 F3d 1342, 1346***

Permissable to learn bias, opinion, or prejudice…    ***Mu'Min v. Virginia, 500 US 415, Connors v US, 158-408***

Question on any matter at issue at trial    ***Dinkins v. State, 894 SW2d 330***

Entitled to jurors free from bias    ***Morgan v. Illinois***

Appropriate to use hypotheticals (Stripping question ok)    ***Cardenas v. State, 305 SW3d 773 (Tex App Ft Worth Aff'd No. PD-1846-09 ,TexCrimApp Nov 10, 2010)***

## *The Law:  Art. 35.16  Challenges By Either Side*

(a)9    Bias or prejudice in favor of or against the Defendant.

(a)10   Conclusion as to guilt/innocence.

Sequence:

Q: Do you have a conclusion as the guilt/innocence  of the accused?        A: Yes
Q: In your opinion, will that conclusion influence your verdict?        A: Yes

At this point, the juror must be discharged without further questioning.  If the answer is "no", the juror may be questioned further about the source of his opinion.

## *TCCP Art. 35.16  Challenges by the State*

(b)1    That the juror has conscientious scruples in regard to the death penalty.

*Note:  a juror who is against the death penalty may serve on a case in which death is sought.  He is only prevented from serving if his beliefs will **substantially impair** his ability to reach a verdict.  The key is to teach the juror the process and show how the law never requires death, especially because the question of what is mitigating evidence is left to the juror to define.  It is an individual, personal, moral decision by the juror.  The State's usual question,"will you always find mitigation" is an improper Standefer-violation question.  The proper question is "if you believe that no sufficient mitigating evidence exists, will you still vote "yes" in order to insure that a death sentence does not occur".  Lead the juror to say  she can set aside beliefs and answer questions honestly.*

(b)3    Bias or prejudice against any phase of the law upon which the state is entitled to rely for conviction of punishment.

## *TCCP Art. 35.16  Challenges by the Defense*

(c)2    Bias or prejudice against any phase of the law upon which the defense is entitled to rely either as a **defense** to the crime, as **mitigation**, or of the **punishment**.

## *List of Possible Challenges (regular)*

1. P/I Problem.  Presumes guilt.
2. Burden of Proof (burden shifter) G/I
3. Right to Not Testify
4. Pro-Law Enforcement (cops never lie)
5. Pro-DA (da's never get it wrong)
6. Pro-Victim
7. Pro-Corporations
8. Anti-accused.  Where's smoke, there's fire.
9. Anti-Lesser Included Offenses
10. Can't Consider Full Range of Punishment, 1st degree or lesser (esp. homicide, lower end)
11. Can't consider probation (agg. Assault)

## *List of Possible Challenges (death penalty)*

1. Automatic Death Penalty  if convict of CM.
2. Automatic Death Penalty if convict of multiple murders CM.
3. Automatic Future Danger if convict of CM.
4. Burden of Proof on Future Danger (burden shifter, would require Defense to prove that the defendant would not be a future danger.)
5. Cannot consider and give effect to mitigating evidence.
6. Will not consider and give effect to evidence from the defense re: background, life story, etc. (shopping your mitigation)
7. Will not consider LWOP as punishment.

➢ **State is not entitled to a Pro-DP jury.**
➢ **Defense is entitled to jurors who can consider giving Life punishment.**
➢ **Defense is entitled to jurors who must be able to consider and give effect to mitigating evidence.**
➢ **Defense is entitled to jurors who will consider defendant's background and character in making decision.**