IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 JUN 30 P 12: 03

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No.: 2:15-472-RMG |
| v. ) | |
| ) | **ORDER** |
| Dylann Storm Roof, ) | |
| ) | |

Pursuant to the Court's June 7, 2016 Order (Dkt. No. 179 at 2), the parties have independently submitted proposed procedures to govern notice and a possible government rebuttal mental health evaluation under Rule 12.2 of the Federal Rules of Criminal Procedure. (Dkt. Nos. 208, 213). After reviewing the parties' respective proposals, the Court adopts this interim order with a more comprehensive Rule 12.2 procedures order to follow:

1. On or before July 11, 2016, the Defendant will file a notice stating his intent to introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on the issue of guilt or the issue of punishment.

2. The Defendant's notice of intent to introduce expert mental health testimony will be accompanied by a sealed supplemental notice that specifies the kinds of mental health experts the Defendant presently intends to call—including the experts who will base their opinions on a review of records and/or a personal examination of the Defendant—as well as the specific tests the experts have performed or are expected to perform.

3. The Defendant may move to supplement his sealed notice until and including September 12, 2016 for experts and tests first known to the defense after July 11, 2016. The Defendant shall promptly supplement the notice required under

1

Paragraphs 1 and 2 above as soon as defense counsel have sufficient information to comply with the notice requirements.

4. On or before September 12, 2016, the Government may move for its own mental health experts to have access to the Defendant for the purposes of conducting examinations. If the Government so moves, the Court will promptly enter an order addressing the motion.

5. If the Defendant's Rule 12.2 notice relates only to an intention to offer mental health evidence at the sentencing phase of the trial, the Court will authorize the appointment of a firewall Assistant U.S. Attorney from outside the District of South Carolina to handle all pretrial matters relating to mental health issues. The Court will address in a more comprehensive order to follow the conditions under which the firewall counsel may receive information concerning mental health issues.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

June 30, 2016
Charleston, South Carolina