IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**MOTION FOR A BILL OF PARTICULARS**
**AND AUTHORITIES IN SUPPORT**

The defendant, through counsel, hereby moves pursuant to Federal Rule of Criminal Procedure 7(f) for an order of the Court directing the government to provide a bill of particulars regarding the interstate commerce nexus for Counts 13-24 of the indictment. In support of this motion, counsel incorporate by reference Part I of the Motion to Dismiss Indictment and Memorandum in Support, filed this day, and further state:

Federal Rule of Criminal Procedure Rule 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The grant of a bill of particulars is in the discretion of the Court. *See United States v. Schembari*, 484 F.2d 931, 934 (4th Cir. 1973).

The purpose of a bill of particulars is "is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or

1

conviction in bar of another prosecution for the same offense." *Id.* at 934-35. Where the indictment does not provide "specific details about the nature of the charges," a bill of particulars may be used to provide the defendant adequate notice to proceed. *United States v. Perry*, 757 F.3d 162, 172 (4th Cir. 2014) (finding indictment adequate, in part because supplemented by bill of particulars).

As discussed in the Motion to Dismiss Indictment and Memorandum in Support, the indictment in this case merely asserts federal jurisdiction on the Obstruction of Religious Exercise counts, based on actions "in and affecting interstate commerce," it does not specify what any of these actions were, in what was a wholly intrastate offense. *See* Indictment, Dkt. 2, at ¶¶ 16, 18. The government's allegations provide insufficient information on the nature of the charge.

WHEREFORE, for the foregoing reasons, counsel request that the Court order the government to provide a bill of particulars regarding the interstate commerce nexus on Counts 13-24.

Respectfully submitted,

s/ *Sarah S. Gannett*
Sarah S. Gannett
Assistant Federal Public Defender
Federal Public Defender for the District of Arizona
850 W. Adams St., Suite 201
Phoenix, AZ 85007
602-382-2862
sarah_gannett@fd.org

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188

2

bruckd@wlu.edu

Michael P. O'Connell
PO Box 828
Mt. Pleasant, SC 29464
843-577-9890
moconnell@stirlingoconnell.com

Attorneys for Dylann S. Roof

3