IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal No. 2:15-472-RMG |
| vs. | ) | |
| | ) | |
| Dylann Storm Roof, | ) | **ORDER** |
| | ) | |
| | ) | |

This Order establishes certain jury selection procedures. The Court will issue a separate

memorandum opinion explaining its reasoning regarding specific areas of dispute between the

parties.

**Initial Summons and Standard Juror Questionnaire**

1.      On or around July 26, 2016, the Clerk shall send a jury summons along with

instructions to immediately complete the Standard Juror Questionnaire to 3,000 persons whose

names are randomly drawn from the qualified jury wheel in accordance with this district's

Amended Jury Selection Plan. Prospective jurors are to be randomly drawn from Area C of the

Amended Jury Selection Plan.

2.      The Clerk's office shall follow its normal procedures for following up on

undeliverable summonses. The Court is informed that these procedures include:

(a) if the U.S. Postal Service provides a forwarding address within Area C, then the Clerk

will update the juror's address and re-mail the summons;

summary

(b) if the U.S. Postal Service provides a forwarding address that is outside of Area C, the Clerk will disqualify the juror from service in this case in accordance with the Amended Jury Plan and note this disqualification in the Venire file; and

(c) in the case of undeliverable summonses for which the U.S. Postal Service does not provide a forwarding address, the Clerk will make an attempt to locate and update the prospective juror's address. If an updated address is located and that updated address is within Area C, the Clerk will re-mail the summons to the updated address. If an updated address is not located or if the updated address is not within Area C, the undeliverable summons will be noted in the Venire file. The Court also directs the Clerk to keep and seal all undeliverable summonses for the Court's Venire file.

3.      The Clerk's office will follow its normal procedures with regard to prospective jurors that do not complete the Standard Juror Questionnaire. The Court understands these procedures to include (a) making multiple attempts to reach the prospective jurors by phone and/or email using the automated jury information system (AJIS) and (b) mailing post cards reminding such prospective jurors to complete the questionnaire.

4.      Copies of completed Standard Juror Questionnaires will be available to the parties starting on August 26, 2016, and will be produced to the parties in rolling batches beginning on this date and continuing as expeditiously as possible. To obtain copies of the Standard Juror Questionnaires, counsel must submit a Form JA SCD 503 Juror Questionnaire and List Request by August 22, 2016.

5.      On August 30, 2016, the Clerk shall provide to the Court and to the parties, a list of all persons summoned who have requested to be excused from or deferred for jury service and

whom the Clerk recommends be excused, exempted, disqualified, or deferred under the district's

Amended Jury Selection Plan. This list shall include a brief description of the reason that the

Clerk recommends excusing, exempting, disqualifying, or deferring the prospective juror(s).

Along with this list, the Clerk shall provide the Court and the parties copies of the Jury

deferment/excuse request forms for these prospective jurors.

6.     If a party objects to any prospective jurors being excused, exempted, disqualified,

or deferred under the district's Amended Jury Selection Plan as recommended by the Clerk under

Paragraph 5, the party (or parties) must file such objections under seal no later than September 2,

2016. In these objections, the parties must state why the recommended course of excusal,

exemption, disqualification, or deferral does not fit within the Amended Jury Plan or why good

cause exists to deviate from the Amended Jury Plan in the instance of a particular prospective

juror. For any prospective jurors that the Clerk recommends be excused, exempted, disqualified,

or deferred and for whom no objection has been made by September 2, 2016, the Clerk will

proceed immediately to excuse, exempt, disqualify, or defer these prospective jurors. The Court

intends to promptly take up any objections by the parties.

7.     For prospective jurors that request to be excused from or deferred for jury service

on or after August 30, 2016, the same process as outlined in Paragraphs 5-6 will take place with

specific dates to be set by future Order of the Court.

8.     By noon (12:00 P.M) on September 12, 2016, the parties shall confer and submit

to the Court a Joint List of Prospective Strikes for Cause, based on responses to the Court's

Standard Juror Questionnaire. The parties shall use this Court's Strikes for Cause form available

on the Court's website.

-3-

9.      On September 15, 2016, the Court will provide the parties a list of all additional prospective jurors that it is considering striking based on responses to the Court's Standard Juror Questionnaire. This list will include a brief statement as to why the Court is considering striking particular individuals.

10.     If a party objects to having the Court strike any of the prospective jurors identified under Paragraph 9, the party (or parties) must file such objections under seal no later than September 20, 2016. The Court will promptly resolve all disagreements over strikes based on the Standard Juror Questionnaire.

11.     The Clerk's office shall maintain its normal Venire file for this case, which the Court understands to include, among other things, Original Master lists; documentation of undeliverable summonses, excused jurors, disqualified jurors, exempt jurors, deferred jurors, and jurors for which no response was received; and copies of completed questionnaires. The Clerk is directed to also keep within this Venire file any undeliverable summonses and any forms requesting that a prospective juror be excused from or deferred for jury service.

### Supplemental Case Questionnaire

12.     On or before August 15, 2016, the parties shall submit under seal a Supplemental Case Questionnaire on which there is common agreement. (Dkt. No. 180 at 3). On the same date, the parties shall also submit under seal any questions they propose including in the Supplemental Case Questionnaire but to which the opposing party objects, along with a brief on the areas of disagreement.

13.     The Clerk will divide the remaining prospective jurors (those not yet excused) in to 80-member panels, retaining the order established by the juror numbers. The first panel will

be directed to report to the Federal Courthouse in Charleston, South Carolina at 9:00 A.M. on

September 26, 2016. The second panel will be directed to report to the Federal Courthouse at

11:00 A.M. on September 26, 2016. The third panel will be directed to report to the Federal

Courthouse at 1:00 P.M. on September 26, 2016. The fourth panel will be directed to report to

the Federal Courthouse at 3:00 P.M. on September 26, 2016. Additional panels will be directed

to report on September 27, 2016, and thereafter as necessary, until 700 prospective jurors have

completed the Supplemental Case Questionnaire.[1]

14.     Each panel will be sworn, introduced to the parties and the Court, and receive

preliminary instructions from the Court. The Court will then ask its routine questions of each

group regarding whether any member of the panel wishes to be excused because he or she (1) is

over 70 years of age, (2) has served as a federal grand or petit juror within the last 2 years, (3) has

active care and custody of a child or children under 10 years of age whose health and/or safety

would be jeopardized by the prospective jurors absence due to jury service, or (4) serves without

compensation as a firefighter, member of a rescue squad, member of an ambulance crew, or in

another similar volunteer safety capacity for a public agency. The Court will determine whether

to excuse jurors based on these reasons at this time.

15.     The Court will then provide each group with the dates for individual voir dire and

trial and the estimated length of trial as stated by the parties. The Court will then ask if any

member of the group seeks to be excused for undue hardship or extreme inconvenience,

---

[1] As explained below, not all prospective jurors who report the week of September 26, 2016, will complete the Supplemental Case Questionnaire, as some may be excused for various reasons before filling out the questionnaire. The Court will continue having panels of prospective jurors report until 700 prospective jurors have filled out a Supplemental Case Questionnaire.

including persons whose services are so essential to the operation of a business, commercial or agricultural enterprise that it must close or cease to function if they are required to perform jury service. The Court will determine whether to excuse jurors based on these reasons at this time.

16.     The Defendant may be present while each group receives preliminary instructions and while the Court considers any requests to be excused.

17.     All prospective jurors not excused by the Court will move to a different location and complete Supplemental Case Questionnaires. The Jury Administrator or his delegate shall collect the completed questionnaires. After each prospective juror completes his or her questionnaire, he or she will receive instructions for reporting for individual voir dire and be excused.

18.     The Jury Administrator or his delegate will digitally scan the completed Supplemental Case Questionnaires and provide copies of the completed questionnaires to the parties via digital thumb drive as soon as practicable. A representative of each party shall sign an Acknowledgment of Receipt for each digital thumb drive received.

19.     On or before 5:00 P.M. on October 20, 2016, the parties shall confer on whether prospective jurors should be excused for cause based on responses to the Supplemental Case Questionnaire or based on any other information known to the parties and the Court.

20.     On or before October 21, 2016, the parties shall file under seal a joint report stating which of the prospective jurors the parties agree should be excused for cause, based on responses to the Supplemental Case Questionnaire or any other information known to the parties and the Court. The parties' joint report shall state the basis for recommending excusal. On the same date, each party will also file a separate report under seal stating which of the prospective

jurors it moves to strike for cause, based on responses to the Supplemental Case Questionnaire, and to which the opposing party objects. These reports shall state the basis for moving to excuse each listed prospective juror. The Court will promptly resolve any disputes and inform the Clerk of which prospective jurors are excused.

### Individual Voir Dire and Jury Selection

21.    The Clerk will divide the remaining prospective jurors (those not yet excused) in to 10-member panels, retaining the order established by the juror numbers. The first panel will be directed to report to the Federal Courthouse in Charleston, South Carolina at 8:30 A.M. on November 7, 2016, and the second panel will be directed to report to the Federal Courthouse in Charleston, South Carolina at 1:00 P.M. on November 7, 2016. Additional panels will be directed to report on November 8, 2016, and thereafter as necessary, until 70 prospective jurors are qualified.

22.    On or before 12:00 P.M. on November 2, 2016, the parties shall separately file under seal a list of proposed individual voir dire questions to be asked in the course of individual voir dire of prospective jurors scheduled to report on November 7, 2016, and November 8, 2016. On or before 12:00 P.M. on November 3, 2016, the parties shall separately file under seal a list of proposed individual voir dire questions to be asked in the course of individual voir dire of prospective jurors scheduled to report on November 9, 2016, and November 10, 2016. On or before 12:00 P.M. on November 4, 2016, the parties shall separately file under seal a list of proposed individual voir dire questions to be asked in the course of individual voir dire of prospective jurors scheduled to report on November 11, 2016, and November 14, 2016. For prospective jurors scheduled to report on November 15, 2016, or after, the parties shall separately

-7-

file under seal a list of proposed individual voir dire questions to be asked in the course of individual voir dire of these prospective jurors five (5) business days prior to their scheduled report date.

23.    The Court will provide each panel with preliminary instructions. The panel will then be directed to an assembly room. Individual sequestered voir dire will then commence.

24.    Each prospective juror will be brought into the courtroom and questioned by the Court. The prospective juror will then be escorted out of the courtroom, and the parties may propose additional voir dire questions to the Court. The prospective juror will be brought back to the courtroom, and the Court will ask any additional voir dire questions. In the Court's discretion, questioning on private or sensitive topics may be conducted in such a manner as to safeguard prospective juror privacy.

25.    At the conclusion of voir dire examination of each prospective juror, the prospective juror will be excused with instructions for reporting for trial.

26.    After the prospective juror is excused, the Court will hear and rule on any motions to exclude the prospective juror for cause.

27.    Additional panels will be directed to report on November 8, 2016, and thereafter as necessary, until 70 prospective jurors are qualified. These 70 prospective jurors will be directed to report to the courthouse on a specific day.

28.    In accordance with this Court's standard procedures, Clerk staff will create a random list of these 70 qualified jurors, and the parties will exercise their peremptory strikes from this randomized list of qualified jurors using the randomized numbers on the left-hand side of the strike list. The parties will strike alternately beginning with the Government. The first 18

individuals on this list who are neither struck by a party nor excused by the Court for a last-minute change in circumstances, will be empaneled. The first 12 will be seated as jurors and the next 6 will be alternates.

        AND IT IS SO ORDERED.

                                       Richard Mark Gergel
                                       United States District Judge

July 18, 2016
Charleston, South Carolina