IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**FILED EX PARTE AND UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**MOTION FOR PROTECTIVE ORDER REGARDING DISCLOSURE
OF TEST DATA TO COUNSEL AND MEMORANDUM IN SUPPORT**

In order to facilitate the mental status investigation in this matter, and to ensure

that the participation of the expert involved, Paul J. Moberg, Ph.D, complies with

relevant ethical standards in his field, the defense requests that the Court issue a

protective order providing for disclosure of raw test data and test materials to counsel,

and requiring that the data remain confidential, be used only in connection with this case,

and be destroyed at the conclusion of the proceedings, as described in the proposed order

attached to this motion.[1]

Two separate, but related, issues motivate concerns about disclosure of test data to

non-mental health professionals.  First, the disclosure of raw test data raises privacy

concerns for the test subject.[2]  Second, the disclosure of test materials – which

necessarily occurs in connection with disclosure of the data – implicates protection of the

---

[1] Counsel also will submit a proposed order by email, in Word format, as specified in the Court's procedures.

[2] These are moot here, because our client has signed a release permitting us access to the results.

1

tests themselves.  The tests are copyrighted, but more importantly, public dissemination of their contents would undermine the validity of future results obtained from the instruments, since they are based on the assumption that test-takers have not been previously exposed to their contents.

The American Psychological Association has adopted two ethical rules governing disclosure of test results to address these concerns.  Standard 9.04 governs release of test data,[3] and Standard 9.11 governs maintaining test security.[4]  *See* http://www.apa.org/ethics/code.  The rules require professionals to make efforts to protect both the subject's right to confidentiality and the integrity of the test, and they suggest – among other things – that a court order may be useful in accomplishing these goals.  *See* APA, Ethical Principles of Psychologists and Code of Conduct 9.04, 9.11 (2010), available at http://www.apa.org/ethics/code.

Dr. Moberg has conducted testing in this matter, the results of which are important

---

[3] Standard 9.04, Release of Test Data, reads: "(a) The term test data refers to raw and scaled scores, client/patient responses to test questions or stimuli, and psychologists' notes and recordings concerning client/patient statements and behavior during an examination. Those portions of test materials that include client/patient responses are included in the definition of test data. Pursuant to a client/patient release, psychologists provide test data to the client/patient or other persons identified in the release. Psychologists may refrain from releasing test data to protect a client/patient or others from substantial harm or misuse or misrepresentation of the data or the test, recognizing that in many instances release of confidential information under these circumstances is regulated by law. (*See* also Standard 9.11, 'Maintaining Test Security.') (b) In the absence of a client/patient release, psychologists provide test data only as required by law or court order."

[4] Standard 9.11, Maintaining Test Security, reads:  "The term test materials refers to manuals, instruments, protocols, and test questions or stimuli and does not include test data as defined in Standard 9.04, Release of Test Data. Psychologists make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations, and in a manner that permits adherence to this Ethics Code."

to the development of the defense penalty-phase case.  The defense requests that the

Court issue a protective order directing Dr. Moberg to disclose the testing results to

defense counsel, subject to conditions that protect the documents by restricting their

further dissemination and requiring their destruction at the conclusion of this case

(including any appellate and post-conviction proceedings).  This will establish a record

that Dr. Moberg has taken all possible steps to protect the confidentiality of the material,

and avoid any concern about either the defendant's privacy or test security.  We have

outlined conditions in the attached proposed order that we believe adequately address

both the ethical issues and the needs of the case as it proceeds, including possible future

disclosure to government counsel and post-conviction litigation, should there be a guilty

verdict at trial.

For these reasons, the defense requests that the Court enter a protective order

directing Dr. Moberg to share his test data with counsel subject to the protections

described.

Respectfully submitted,

s/ *Sarah S. Gannett*
Sarah S. Gannett
Assistant Federal Public Defender
Federal Public Defender for the District of Arizona
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
602-382-2862
sarah_gannett@fd.org

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender, District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
(336) 788-3779 - telephone
kim_stevens@fd.org

Attorneys for Dylann S. Roof

4

**EXHIBIT**

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

**UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**[PROPOSED] PROTECTIVE ORDER REGARDING**
**DISCLOSURE OF TESTING DATA**

It is hereby ordered that Dr. Paul J. Moberg provide to defense counsel copies of

all data obtained in the course of, and relevant to, his evaluation of Dylann S. Roof,

including raw test data, test materials (*e.g.*, test booklets and interpretive manuals), and

notes.

It is further ordered that to protect the security of psychological test materials, the

raw data, test booklets, interpretive manuals and other test-related material disclosed by

Dr. Moberg will be subject to this protective order.

Specifically, it is ordered that all of these materials are to be provided to defense

counsel for use only in connection with their representation of this defendant in the above

captioned case.  At present, the materials may be further disclosed only to agents of the

defense for purposes of their work on this case, and the materials shall not be disclosed

further.  Defense counsel shall ensure that any individual receiving these materials is apprised that he or she is bound by the terms of this protective order.

At the appropriate time, defense counsel may be required to share these protected materials with the prosecution or agents of the prosecution.  It is therefore further ordered that at such time, a copy of this protective order shall be provided to the prosecution and/or its agents, who will similarly be bound by its terms.

It is further ordered that at the conclusion of this case (including any appeal and post-conviction proceedings), the test materials and data will be destroyed by any members of the defense and prosecution to whom they have been disclosed.

This order is issued *ex parte* and shall be maintained under seal.

SO ORDERED.

Dated:  _____

_____
Richard M. Gergel
United States District Judge

6