IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 AUG 16 A 9:37

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No. 2:15-472-RMG |
| vs. ) | |
| ) | |
| Dylann Storm Roof, ) | **ORDER** |
| ) | |
| _____ ) | |

This matter is before the Court on the parties' unopposed motions to seal submissions responsive to the Court's request for the parties to submit proposed jury questionnaires. (Dkt. Nos. 301, 303). For the reasons stated below, the motions are GRANTED.

A trial court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). However, there is a presumption in favor of public access. *Id.* Therefore, before a district court may seal any court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302.

Here, the parties publically filed motions to seal on ECF, which provides notice of the requests and allows interested parties to object. Defendant does not object to the Government's motion, the Government does not object to Defendant's motion, and no other objections have been filed. Moreover, the each party argues that the disclosure of the contents of the jury

-1-

questionnaire in advance of jury selection itself would adversely affect the ability of the parties to obtain a fair and impartial jury. The Court agrees and finds that there are no less drastic alternatives to sealing the documents that are responsive to the Court's request for proposed jury questionnaires. If these documents were made public before a jury is selected, publicity and speculation regarding the significance of particular aspects of the questionnaire would likely impede the ability to select a fair and impartial jury. Therefore, the Court grants the motion.

For the reasons stated above, the parties' motions to file under seal (Dkt. Nos. 301, 303) are GRANTED.

AND IT IS SO ORDERED.

*(signature)*
Richard Mark Gergel
United States District Judge

August 16, 2016
Charleston, South Carolina